IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **FRANKLIN MONROE PRUETT,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12CV00006 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Bradley C. Ratliff, Bolling Hearl Ratliff, Richlands, Virginia, for Plaintiff. John C. Lynch, Jason E. Manning and Elizabeth S. Flowers, Troutman Sanders LLP, Virginia Beach, Virginia, for Defendant.*

In this civil diversity case, the plaintiff seeks specific performance of a real estate purchase contract. Because the Complaint fails to allege that non-binding mediation, a condition precedent to suit, has occurred or been waived, I will dismiss the Complaint without prejudice.

I

In January 2011, the plaintiff, Franklin Monroe Pruett, entered into a Residential Contract of Purchase (the "Purchase Contract") and an Addendum to Standard Purchase Contract (the "Addendum") (collectively, the "Agreement")

with the defendant, U.S. Bank, National Association ("U.S. Bank").[1]  In the Agreement, Pruett agreed to purchase property located in Tazewell, Virginia, for $62,000.  Pruett alleges that he made a deposit on the property in the amount of $500.  The Agreement set the date of closing as February 14, 2011.  Pruett alleges that he was "ready, willing, and able to proceed on the closing date."  (Pl.'s Compl. ¶ 7.)

The Purchase Contract contains the following language:

> **NON-BINDING MEDIATION**:  In an effort to avoid the expense and delay of litigation, the parties agree to submit any disputes or claims arising out of this Contract, including those involving the Listing Company or the Selling Company, to mediation prior to instituting litigation.

(Def.'s Mem. in Supp. of its Mot. for J. on the Pleadings Ex. 1 ¶ 27.)

The closing did not occur as scheduled.  Pruett alleges that U.S. Bank "without cause, unjustifiably refused to proceed [to closing]."[2]  (Pl.'s Compl. ¶ 8.)  Pruett filed his Complaint against U.S. Bank in the Tazewell County, Virginia,

---

[1] This recitation of facts is based on the allegations in the Complaint and the facts established by the Purchase Contract and the Addendum.  The plaintiff attached a copy of the Addendum to the Complaint.  The defendant attached a copy of both the Purchase Contract and the Addendum to its Memorandum in Support of its Motion for Judgment on the Pleadings.  Because these documents are integral to the allegations in the Complaint, I may consider them in my determination of the defendant's motion.  *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

[2] In its motion, U.S. Bank asserts that the closing did not occur because the parties discovered an IRS tax lien on the property against the prior owners and the existence of this lien invalidated the foreclosure sale by which U.S. Bank had acquired title to the property.

Circuit Court several months later.  In the Complaint, Pruett alleged breach of contract and sought specific performance of the agreement.  Pruett alleged that he remained "ready and willing to perform any and all terms of the Contract which are applicable to the Plaintiff."  (*Id.* ¶ 9.)    U.S. Bank removed the action to this court and filed an Answer to the Complaint.  U.S. Bank has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that the Complaint fails to state a claim on which relief can be granted.  Pruett has filed an opposition to the motion.[3]  U.S. Bank filed a reply.  The defendant's motion is now ripe for determination.

II

The Agreement requires the parties to submit "any dispute or claims arising out of" the Agreement to non-binding mediation prior to instituting litigation.  The Complaint alleges that U.S. Bank breached the Agreement but contains no allegations that mediation occurred prior to the filing of this lawsuit or that such a requirement was otherwise waived.  The language in the Agreement requiring non-binding mediation prior to instituting litigation is clear and there is no doubt that

---

[3] Pruett's opposition was not filed in a timely manner.  The Scheduling Order requires a party to file an opposition brief within 14 days of service of the movant's brief.  U.S. Bank's motion and supporting memorandum were served on March 13, 2012.  Pruett did not file an opposition until April 25, 2012, and did not seek leave for a late filing.  Out of an abundance of caution, I have reviewed the opposition, but it contains nothing that would change the outcome.

by the terms of the Agreement, Pruett was required to submit his claims to mediation before filing an action in court.  Because the Complaint contains no allegation of performance of this requirement, its dismissal is appropriate.  *See Tattoo Art, Inc. v. TAT Int'l, LLC*, 711 F. Supp. 2d 645, 651 (E.D. Va. 2010) (holding that "failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." (internal quotation marks and citation omitted)).[4]

In light of the fact that Pruett merely failed to allege satisfaction of a condition precedent to filing the lawsuit as required by the Agreement, I will exercise my discretion to treat U.S. Bank's motion as one for failure to state a claim under Rule 12(b)(6) and dismiss it without prejudice.  *See Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979) (stating that the "mere fact the motion was couched in the terms of Rule 12(c) does not prevent the district court from disposing of the motion by dismissal rather than by judgment"); *N.C. Farmers' Assistance Fund, Inc. v. Monsanto Co.*, 740 F. Supp. 2d 694, 703-04 (M.D.N.C. 2010) (treating defendant's motion as one for failure to state a claim rather than as for judgment on the pleadings).

---

[4] U.S. Bank also argues that the Complaint must fail because it seeks the remedy of specific performance, a remedy that Pruett expressly agreed to waive as part of his consideration for the Agreement.  Because I find that Pruett's failure to allege that he submitted his claims to mediation alone warrants dismissal, I do not reach the merits of this argument.

## III

For the reasons stated, I will dismiss the plaintiff's Complaint without prejudice.  A separate Order will be entered forthwith.

DATED: May 4, 2012

/s/  James P. Jones
United States District Judge